**Samuel Dario MORETT, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–5450–AG.

United States Court of Appeals, Second Circuit.

July 13, 2006.

Jill M. Zuccardy, Sanctuary for Families, New York, NY, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Brian E. Pawlak, Assistant United States Attorney, Milwaukee, WI, for Respondent.

Present RALPH K. WINTER, B.D. PARKER and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the order of the BIA is VACATED and the case is REMANDED for further proceedings.

Samuel Dario Morett, through counsel, petitions for review of the BIA's affirmance of a decision by Immigration Judge

("IJ") Sandy Hom that denied him asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA adopts and supplements the decision of the IJ, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). We review *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). We assume Morett's credibility, as did the BIA.

The statutory term "particular social group" protects those who share a characteristic that is "identifiable to would-be persecutors and is immutable or fundamental." *Gao v. Gonzales,* 440 F.3d 62, 64 (2d Cir.2006). Persecution on account of sexual orientation has been recognized by the Attorney General as a protected ground under the "particular social group" category of the definition of a refugee. *See Matter of Toboso -Alfonso,* 20 I. & N. Dec. 819, 822 (BIA 1990). In assessing whether or not a petitioner has suffered persecution, the different instances of mistreatment suffered by him or her should be considered cumulatively, and not in isolation. *Poradisova v. Gonzales,* 420 F.3d 70, 79 –80 (2d Cir.2005).

Here, substantial evidence does not support the IJ's finding that the occasions of mistreatment Morett suffered were isolated criminal incidents. The record also does not support the IJ's finding that the police were motivated to abuse Morett only in order to extort money from him, where persecution on account of a protected ground "does not mean persecution *solely* on account" of that ground. *Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994) (emphasis in original). In addition, the IJ erred by relying upon the proposition that "the rape of a homosexual cannot be considered an act [of persecution] equivalent to ethnic cleansing." Whether or not that is true—it is hardly obvious—Morett must prove only that he experienced mistreatment such as non-life-threatening violence or physical abuse. *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004).

Morett was abused by several police officers who worked in conjunction on numerous occasions to mistreat him because of his sexual orientation. Morett's first instance of abuse involved a coordinated effort by several officers, some of whom raped Morett's friends in a police van while another sexually assaulted him in his car. The police targeted Morett after witnessing his two friends kiss in his car, and used homophobic epithets against the men while they abused them. Morett's second instance of mistreatment also involved several police officers, including one in a supervisory position, who targeted him and two friends because they were dressed in a flamboyantly gay manner. The supervisor then coordinated a five-month surveillance and intimidation campaign by the police against Morett, suggesting to him that he would be sexually assaulted, threatening him and his family with continuous phone calls, regularly following Morett and extorting him for a large sum of money. In the aggregate, Morett's sexual assault, harassment and extortion on account of his sexual orientation is severe and rises to the level of persecution. Accordingly, be-

cause Morett suffered past persecution, he is entitled to a presumptive well-founded fear of persecution under 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).

Moreover, although the IJ indicated that he considered the testimony and background information Morett supplied, he does not discuss it in any detail. We cannot find therefore that Morett's well-founded fear has been rebutted by changed country conditions. The record reflects that Morett provided, *inter alia*, 1995, 1996 and 1998 reports from the Immigration and Refugee Board of Canada, a 2000 letter from the State Department to the Executive Office of Immigration Review, and a 2002 report from Human Rights Watch, all of which substantially corroborate his claim and indicate a pattern and practice of abuse by the police against homosexuals in Venezuela.

Finally, because the IJ's analysis of Morett's well-founded fear was erroneous, the related finding that Morett therefore necessarily failed to establish the higher burden of proof for withholding of removal is also flawed. Furthermore, based on the many errors in the IJ's decision, and the conclusory nature of the BIA's opinion, we cannot rely on the agency's decision to deny Morett's application for CAT relief.

For the foregoing reasons, the petition for review is GRANTED, the opinion of the BIA is VACATED and the case is REMANDED for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).