10-2358-ag
Hidalgo v. Holder

BIA
Weisel, IJ
A090 347 470

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of March, two thousand twelve.

PRESENT:
>        ROSEMARY S. POOLER,
>        RICHARD C. WESLEY,
>        DEBRA ANN LIVINGSTON,
>             *Circuit Judges.*

_____

JORGE ALBERTO HIDALGO, AKA JORGE
HIDALGO DURAN, AKA ROBERTO CAMACHO,
AKA ROBERTO CUMACHO,
>        *Petitioner,*

>        v.                                    10-2358-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Paul O'Dwyer, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer P. Levings, Senior
                       Litigation Counsel; Nancy K. Canter,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jorge Hidalgo, a native and citizen of Venezuela, seeks review of a May 17, 2010, order of the BIA affirming the June 12, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jorge Alberto Hidalgo*, No. A090 347 470 (B.I.A. May 17, 2010), *aff'g* No. A090 347 470 (Immig. Ct. N.Y. City June 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). Because Hidalgo does not challenge the IJ's denial of a continuance or the agency's

denial of CAT relief, we address only the agency's pretermission of asylum and denial of withholding of removal.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

Hidalgo argues that the BIA erred in its review of the IJ's pretermission of his asylum application.  Although our review over the agency's pretermission of asylum applications is limited, *see* 8 U.S.C. § 1158(a)(3), we have jurisdiction to address whether the BIA applied the correct standard of review.  *See* 8 U.S.C. § 1252(a)(2)(D) (providing that courts retain jurisdiction to review questions of law); *Wallace v. Gonzales*, 463 F.3d 135, 140-41 (2d Cir. 2006) (per curiam) (exercising jurisdiction to address whether the BIA violated regulations and applied the wrong standard of review).  However, we detect no error in the BIA's review, as the record indicates that it followed the relevant regulation, *see* 8 C.F.R. § 1003.1(d)(3), and applied the correct standard of review, considering the IJ's legal analysis *de novo* and factual issues for clear error.

Hidalgo also argues that the agency erred in denying his application for withholding of removal, asserting that he established a pattern or practice in Venezuela of persecution against homosexuals and individuals who are HIV positive. As an initial matter, the BIA was not required to give any weight to this Court's decision in *Morett v. Gonzales*, 190 F. App'x 47, 49 (2d Cir. 2006) (unpublished), or an IJ's grant of asylum to a gay man from Venezuela on a similar claim, because they were unpublished decisions based on different records from that in Hidalgo's case. *See Ajdin v. Bureau of Citizenship & Immigration Servs.*, 437 F.3d 261, 264-65 (2d Cir. 2006) (noting that the BIA is not bound by its unpublished decisions in similar cases, since "unpublished opinions of the BIA have no precedential value").

Although the agency has not articulated a standard explaining how it evaluates pattern or practice claims, here, as in *Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009) (per curiam), we are able to review the BIA decision because "the BIA explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland," *id.* at

112 n.1.  The agency considered Hidalgo's evidence of discrimination and persecution against homosexuals in Venezuela, but concluded that it did not establish that persecution was "systemic, pervasive, or organized," *see In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005), noting the contrary evidence that there was a thriving gay community in Caracas and that non-governmental organizations were working in the country to protect gay rights.  Even if we would (or could) have drawn a different conclusion, we cannot find that the agency erred in its analysis of the sufficiency of Hidalgo's evidence as he presented no evidence compelling the conclusion that he would more likely than not be subjected to persecution in Venezuela.  As this Court has stated, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.  Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." *Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007) (internal citations and quotation marks omitted). Thus, substantial evidence supports the agency's finding that Hidalgo did not establish a likelihood of future persecution if returned to Venezuela, and the denial of his

5

application for withholding of removal.  *See Santoso*, 580 F.3d at 112; 8 C.F.R. § 1208.16(b)(1).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk